IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SWORDS TO PLOWSHARES,

    Plaintiff,

  v.

SAMUEL G. SMITH,

    Defendant.

No. C 01-5441 MJJ

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

## INTRODUCTION

Before the Court is a motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) brought by Defendant Samuel G. Smith ("Defendant"). The motion requires the Court to determine (1) whether Plaintiff Swords to Plowshares ("Plaintiff") complied with the appropriate eviction notice requirements; (2) whether the eviction notices were sufficiently detailed to put Defendant on notice of the allegations against him; and (3) whether the eviction notice based on nuisance pled the requisite elements of nuisance. Having read and considered the papers, and having heard the parties at oral argument, the Court GRANTS IN PART and DENIES IN PART Defendant's motion.

## FACTUAL BACKGROUND

Plaintiff, a non-profit California corporation which provides housing to low income veterans like Defendant, instituted the instant eviction proceeding against Defendant who, according to the

First Amended Complaint ("FAC"), became delinquent in the payment of rent and has engaged in behavior that threatens the safety of other tenants and their comfort in and enjoyment of the property in which his unit is located. *See* FAC at ¶¶ 14. As a result of Defendant's failure to pay, Plaintiff caused him to be served with two copies of a written three-day notice to pay rent or quit on October 17, 2001 ("Nonpayment Notice"). *See id.*; *see also* FAC, Exh. C. As a result of the behavior, Plaintiff caused Defendant to be served with two copies of a written three-day notice to quite for nuisance on December 17, 2001 ("Nuisance Notice").[1] *See* FAC at ¶ 14; *see also* FAC, Exh. D. According to Plaintiff, "[b]oth the [N]onpayment [N]otice and the [N]uisance [N]otice were served in compliance with state and federal law, including, but not limited to the requirements of 24 C.F.R. 274.4(b)(2001) and [California Code of Civil Procedure ("CCP")] § 1162 (2001). At the time of service upon [D]efendant, both notices were also provided to the San Francisco Housing Authority, in compliance with the terms of the written sublease agreement."[2] FAC at ¶ 14.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in the complaint.

---

[1] The grounds alleged in the Nuisance Notice are as follows:

You have threatened another tenant in the stairway of the building containing your rental unit with physical violence both verbally and through physical motions.

You have exerted physical violence upon another tenant by pushing him against a kitchen table and then proceeded to further threaten said tenant with bodily harm.

During an argument, you threatened a tenant with a kitchen knife.

You habitually offend employees of landlord . . . by engaging in obscene and offensive hand gestures . . . through the security cameras in the building.

You created apprehension of imminent physical violence towards a tenant through the wielding of a hammer.

Your [sic] do not keep your unit in a clean and sanitary condition. This encouraged the proliferation of vermin in the form of an ant infestation. This creates a health hazard for yourself and other tenants. Furthermore, this condition is based in party upon your violation of house rules prohibiting the transport of good and drink from the dining room to your individual unit.

FAC, Exh. D.

[2] Plaintiff entered into a master lease with the Presidio Trust for the property located at 1029 Girard Road, San Francisco, California. *See* FAC, Exh. A. By a written sublease, Plaintiff's authorized agent rented Unit 210B at 1029 Girard Road, San Francisco, CA to Defendant under the San Francisco Housing Authority Section 8 Housing Assistance Program. *See* FAC, Exh. B.

2

*Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337 (9th Cir. 1996). Dismissal of an action pursuant to Rule 12(b)(6) is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991). The Court will dismiss the complaint or any claim in it without leave to amend only if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

In determining a motion to dismiss, the Court must assume all factual allegations to be true and must construe them in the light most favorable to the non-moving party. *See North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). However, the Court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Further, the Court need not accept as true allegations that contradict facts that have been judicially noticed or by exhibit attached to a complaint. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).

The Court may consider documents outside of the pleadings in support of a Rule 12(b)(6) motion to dismiss if the documents are referenced in plaintiff's complaint, are "central" to plaintiff's claim, and whose authenticity are not at issue. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (finding that courts may consider documents which are not physically attached to the plaintiff's complaint if their authenticity is not contested and the complaint necessarily relies on them). The Court may also take judicial notice of public records outside the pleadings. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *see also In re American Continental Corp./Lincoln Savings and Loan Sec. Lit.*, 102 F.3d 1524, 1537 (9th Cir. 1996), *reversed on other grounds by Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 520 U.S. 26 (1998) (finding that courts may take judicial notice of "matters of public record, including court records in related or underlying cases which have a direct relation to the matters at issue" without converting the motion into one for summary judgment).

**ANALYSIS**

Defendant moves to dismiss the action because while the FAC pleads that Defendant served two notices in compliance with Section 247.4, the FAC does not contain specific, non-conclusory allegations

3

describing the manner of service, namely that Plaintiffs served Defendant by "both mail and personal service." Defendant contends that this failure, coupled with the fact that Plaintiff had already amended its complaint once, supports a dismissal with prejudice.

Defendant also argues Plaintiff did not plead that all eviction notices were provided to the San Francisco Housing Authority ("SFHA"), as Plaintiff was obligated to do according to the terms of the lease agreement. Indeed, according to Defendant, Plaintiff served a total of three notices on him. The third notice was served on December 20, 2001, and was not referenced in either the original complaint or the FAC. Despite having been served with a third notice, the FAC only states that "[a]t the time of service upon [D]efendant, *both* notices were also provided to the [SFHA]." FAC ¶ 14 (emphasis added). This, according to Defendant, constitutes a defect which cannot be cured because three, not two, notices should have been provided to SFHA.

The third basis for Defendant's dismissal motion is that the Nuisance Notice did not put Defendant on the specific allegations of nuisance against him because the allegations were vague and failed to identify when the events occurred, the persons involved in each of the events, and the person who brought the event to Plaintiff's attention, all of which must be identified to meet the specificity requirement protected by the Due Process Clause. In support, Defendant relies on cases which stand for the proposition that under California law, failure to provide the tenant with adequate particularity could constitute a violation of his or her due process rights, and specificity is required to give the tenant the opportunity to decide whether to cure the breach, quit the premises, or defend against the allegations.

Finally, Defendant argues that Plaintiff's eviction notice did not plead the requisite elements of nuisance because it did not allege that it suffered substantial actual damage, or that Defendant's alleged conduct was of such a duration as to constitute unreasonable interference, as it must, according to Defendant, to state a claim. Since the notice cannot be amended, Defendant urges the Court to dismiss the FAC with prejudice.

**A. Compliance with Service Requirements**

Both parties agree that because Plaintiff seeks to evict Defendant from federal subsidized housing, Plaintiff must comply with the applicable federal regulations when serving notice. 24 C.F.R. § 247.4(b) ("Section 247.4(b)") provides, in relevant part, the following:

4

> [N]otice provided for [termination] shall be accomplished by: (1) Seconding a letter by first class mail, properly stamped and addressed, to the tenant at his or her address at the project, with a proper return address, and (2) serving a copy of the notice on any adult person answering the door at the leased dwelling unit, or if no adult responds, by placing the notice under or through the door, if possible, or else by affixing the notice to the door.

Here, although Plaintiff does not specifically allege that it served Defendant both by mail and in person, it claims to have served Defendant in compliance with the requisite federal and state law provisions. A restatement of the service provision, however, does not constitute an allegation of fact the Court must accept as true. *See Western Mining*, 643 F.2d at 624 (courts need not accept as true conclusory legal allegations cast in the form of factual allegations). As such, the Court finds that Plaintiff has failed to state a claim on this ground.

Having said that, there is no indication that Defendant is unable to cure the deficiencies. *See Noll*, 809 F.2d at 1448 (finding that courts dismiss complaints without leave to amend if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). As such, the Court GRANTS WITH LEAVE TO AMEND Defendant's motion on this ground.

**B.     Compliance with Required Service to SFHA**

Both parties agree that pursuant to the express terms of the lease agreement between Plaintiff and Defendant, Plaintiff is required to notify the SFHA at the same time Defendant is served. Specifically, the notice provision in the lease agreement states as follows:

> The Landlord may evict the Tenant from the unit only by instituting a court action. The Landlord must notify the SFHA in writing of the commencement of procedures for termination of tenancy, at the same time that the Landlord gives notice to the Tenant under State or local law. The notice to the SFHA may be given by furnishing the SFHA a copy of the notice to the Tenant.

FAC, Exh. B at ¶ 3.

Here, Plaintiff alleges that "[a]t the time of service upon [D]efendant, *both* notices were also provided to [SFHA]." FAC at ¶ 14 (emphasis added). Defendant claims that the allegation is deficient because Plaintiff had served Defendant with three, as opposed to two, notices. In support, Defendant seeks judicial notice of the third notice[3] which Plaintiff had served on Defendant on December 20, 2001, as an item "capable of accurate and ready determination." *See* Request for Judicial Notice ("RJN") at 1:4-5.

The Court is unclear as to the relevance of the third notice because Plaintiff does not bring the

---

[3] The third notice is a thirty-day notice to terminate tenancy for nonpayment of rent. *See* RJN, Exh. A.

5

action or seek relief based upon it. Moreover, at the hearing, Defendant conceded that the notice provision in the lease does not require Plaintiff to notify SFHA by serving it with the actual notice. As such, and without deciding whether the third notice is actually capable of accurate and ready determination, the Court DENIES the request and DENIES the motion on this ground.

**C.     Adequate Notice**

San Francisco Administration Code Ch. 37 § 37.9(a)(3) states, in pertinent part, the following:

> The tenant is committing or permitting to exist a nuisance in, or is causing substantial damage to, the rental unit, or is creating a substantial interference with the comfort, safety or enjoyment of the landlord or tenants in the building, and the nature of such nuisance, damage or interference is specifically stated by the landlord in the writing . . . .

Moreover, Section 247.4 dictates that "[t]he landlord's determination to terminate the tenancy shall be in writing and shall . . . state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense . . . ."

In support of his argument, Defendant cites to, among other cases, *Edgecomb v. Housing Auth. of the Town of Vernon*, 824 F. Supp. 312 (D. Conn. 1993). In *Edgecomb*, former public housing tenants brought action against the local housing authority, challenging its decision to terminate their public assistance. *See Edgecomb*, 824 F. Supp. at 313. The decision to terminate was made after a hearing before a hearing officer which was based upon a notice of termination for "having engaged in drug-related criminal activity or violent criminal activity, including criminal activity by any family member . . . ." *Id.* at 315. The *Edgecomb* court determined the court must resolve the issue that of whether the termination procedures complied with applicable regulations in light of the due process requirements of *Goldberg v. Kelly*, 397 U.S. 254 (1970). *See id.* at 314. Pursuant to *Goldberg*, the court determined that notice must enable tenant to prepare a defense or rebuttal evidence to introduce at the hearing appearance. *See id.* at 315. With that standard in mind, the court found the notice insufficient because it merely restated the regulation violated and it did not indicate which family member committed the proscribed acts, what the nature of the alleged crime was, or when the relevant acts were committed. *See id.* Nor did it, according to the court, provide notice of adverse evidence so that the former tenants could rebut the notice. *See id.*

Defendant also relied on *Pheasant Hill Estates Assoc. v. Milovich*, 33 Pa. D. & C. 4th 74 (1996) in support of his argument that notice was insufficient here. In *Milovich*, the court granted the

6

tenants' demurrer holding that the landlord did not meet procedural due process obligations when evicting the tenants due to the lack of specificity in the termination notice. *See Milovich*, 33 Pa. D. & C. 4th at 78. Specifically, the court found that the landlord served the tenants with notices that contained general descriptions of lease violations, merely alleging that the tenant "created and permitted 'loud and disturbing noises in and about [their] apartment at all hours of the day and night.'" *Id.* Details concerning the time, date, location and person upon which the violation occurred were not provided and, as such, the court found that "it is clearly unreasonable to expect a person to adequately defend themselves [sic] against such bare assertions." *Id.*

Plaintiff argues that Defendant's reliance on cases like *Edgecomb* is misplaced because those cases involved administrative hearings where the potential for abuse of due process is greater. *See* Opposition at 7-8. Unlike in administrative hearings, according to Plaintiff, Defendant here is afforded the protections of his due process through this judicial proceeding, which provides Defendant with "more than enough opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence." *Id.*

Plaintiff further argues that Defendant's reliance on *Milovich* fails because that court failed to consider whether the tenant would have been afforded all of his or her due process rights in a subsequent trial and failed to distinguish administrative hearings from trials. Moreover, according to Plaintiff, the court cited to no outside case law to support its interpretation of the applicable federal regulations.

Plaintiff's argument distinguishing between the notice required for administrative hearing cases from those required for trials is compelling in that Defendant will be afforded the protections of the judicial proceedings as the case progresses whereas those protections would have been less available in connection with the administrative hearing. However, the Court finds that the distinction is immaterial to the ultimate determination of whether the Nuisance Notice provided sufficient notice. Indeed, Section 247.4 specifically dictates that "[t]he landlord's determination to terminate the tenancy shall be in writing and shall . . . state the reasons for the landlord's action with *enough specificity so as to enable the tenant to prepare a defense* . . . ." Failure to provide the specificity required in the notice, by itself and without regard to the subsequent procedures available to Defendant, render the notice defective. *See* 24 C.F.R. § 2.47.3(4) (stating that "[n]o termination shall be valid unless it is in accordance with the provisions of

7

1  [Section] 247.4."); *see also Milovich*, 33 Pa. D & C 4th at 78.  As such, the Court finds that Plaintiff's
2  reliance on cases such as *Edgecomb* is not misplaced and both it and *Milovich* are relevant to the
3  determination of whether the Nuisance Notice served on Defendant here contained sufficient specificity.
4     Here, the Nuisance Notice, unlike the notices in either *Edgecomb* or *Milovich*, contained some
5  detail.  For the most part, the claims identified the specific conduct, such as pushing another tenant against a
6  kitchen table and threatening another tenant with hammer or knife.  Moreover, of the six claims made, three
7  identified the location of the events.  For example, one of the six events occurred in the stairway of the
8  building while another occurred against a kitchen table.  The claims, however, are like those in the notices in
9  *Edgecomb* and *Milovich,* and are deficient, in that they fail to identify the alleged victim or the time or date,
10 such details being necessary for Defendant to be put on notice of the complained of conduct so that he
11 might begin preparing his defense.[4]
12    Plaintiff is unable to cure the deficiency since it occurred in the notice.  As such, the Court
13 GRANTS WITHOUT LEAVE TO AMEND Defendant's motion as to the issue for lack of notice with
14 respect to the Nuisance Notice.[5]
15 **D.   Nuisance**
16    Although the Court need not reach this issue, it does for the sake of being complete.  The elements
17 for nuisance are that the invasion of the plaintiff's interest in the use and enjoyment of the land was
18 substantial, i.e., that it caused the plaintiff to suffer 'substantial actual damage.'" *San Diego Gas & Elec.*

---

[4] Plaintiff also argues that this action is distinguishable because it concerns an eviction based upon a breach which could not be cured.  Indeed, according to Plaintiff, it served Defendant with a notice to quit based on nuisance that gave Plaintiff an absolute right to terminate the lease upon expiration of the notice.  In support, Plaintiff refers to California Code of Civil Procedure § 1161(4) which states, in relevant part, that "[a]ny tenant . . . maintaining, committing, or permitting the maintenance or commission of a nuisance upon the demised premises . . . thereby terminates the lease, and the landlord . . . shall upon service of three days' notice to quit upon the person . . . in possession, be entitled to restitution of possession of the demised premises under this chapter."  That the breach could not be cured does not relieve Plaintiff of its obligations to provide the specificity otherwise required to enable Defendant to consider whether to quit the premises or stay and defend against the allegations.  As such, the Court is not persuaded by Plaintiff's arguments to the contrary.

[5] To the extent Defendant challenges the sufficiency of the Nonpayment Notice, the argument fails.  The Nonpayment Notice specifically identifies the amount by which Defendant was delinquent and the time period during which the nonpayment occurred.  No other detail is necessary to give Defendant notice sufficient to allow him to consider his options or prepare a defense.  The Court is also not persuaded that the service of multiple eviction notices made it impossible for Defendant to understand the basis for the eviction, as is argued by Defendant in his reply.  *See* Reply at 2:18-20.  Indeed, whether he was served with one, two or even three notices, the basis for the notice was clear in at least the Nonpayment Notice that is before the Court.  As such, the ruling with respect to the sufficiency of the notice does not extend to the Nonpayment Notice, and the FAC, to the extent based upon the Nonpayment Notice, survives the motion.

8

*Co. v. Superior Ct.*, 13 Cal. 4th 893, 937-38 (1996).  Moreover, the landlord must show that the acts were "of such a nature, duration or amount as to constitute unreasonable interference." *Id.*

Here, the Nuisance Notice contains no allegations of actual injury.  Nor does it indicate the duration of the unreasonable interference.  That allegations with respect to actual injury and the time span of the events are lacking, however, does not render the nuisance claim deficient as those specific facts are not elements of the cause of action.  Instead, *San Diego Gas* defined "substantial actual damage" as "an invasion that is 'definitely offensive, seriously annoying or intolerable,' . . . [t]he degree of [which] is to be judged by an objective standard . . . ." *San Diego Gas*, 13 Cal. 4th at 938.  Also, the California Supreme Court defined "unreasonable" as "of such a nature, duration or amount to constitute unreasonable interference with the use and enjoyment of the land . . . .  The primary test for determining whether the invasion is unreasonable is whether the gravity of the harm outweighs the social utility of the defendant's conduct . . . ." *Id.*  As such, there need not be actual damage, but conduct which, objectively, could be considered offensive, annoying or intolerable.  Moreover, the interference need not have lasted a long time, but instead is unreasonable if the gravity of the harm outweighs the social utility of the conduct.

As argued by Plaintiff, here it alleges that Defendant threatened other tenants with physical injury.  That allegation could be considered by a jury to be offensive, annoying or intolerable.  That same jury could also find that the gravity of the harm resulting from the conduct could outweigh the social utility of the conduct.  Therefore, the claim, as alleged, is not lacking in the manner urged by Defendant and would have been sufficient to survive his motion had Plaintiff provided sufficient notice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS WITHOUT LEAVE TO AMEND Defendants' motion as to the Nuisance Notice because the notice did not contain the specificity required in Section 247.4.  The Court GRANTS WITH LEAVE TO AMEND the motion as to the Nonpayment Notice because the notice did not allege the facts underlying the manner of service.  The Court DENIES the motion on all other grounds with respect to the Nonpayment Notice.

**IT IS SO ORDERED.**

9

<table>
<tr><td>1</td><td>Dated: April 24, 2002</td><td>/s/<br>MARTIN J. JENKINS<br>UNITED STATES DISTRICT JUDGE</td></tr>
</table>