1  WYNNE S. CARVILL, CA BAR NO. 076019
   PATRICK M. RYAN, CA BAR NO. 203215
2  CHAD DEVEAUX, CA BAR NO. 215482
   THELEN REID & PRIEST LLP
3  101 Second Street, Suite 1800
   San Francisco, California 94105
4  Telephone:    (415) 371-1200
   Facsimile:    (415) 371-1211
5
6  Attorneys for Defendant SAMUEL G. SMITH

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWORDS TO PLOWSHARES,<br><br>    Plaintiff,<br><br> v.<br><br>SAMUEL G. SMITH,<br><br>    Defendant. | Case No.: C01-5441BZ-MJJ<br><br>**DEFENDANT SAMUEL SMITH'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>**FRCP 12(b)(6)**<br><br>**Date:**    July 30, 2002<br>**Time:**    9:30 a.m.<br>**Place:**   Courtroom 11<br>**Judge:**   Hon. Martin J. Jenkins<br><br>**Complaint Filed:**  December 28, 2001<br>**1st Amend. Comp. Filed:** January 31, 2002<br>**2nd Amend. Comp. Filed:** May 13, 2002 |

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

SF #665682 v1

DEFENDANT SAMUEL SMITH'S NOTICE OF MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (C01-5441BZ-MJJ)

**TABLE OF CONTENTS**

Page

I. SUMMARY OF MOTION ................................................................................................. 1

II. SUMMARY OF ISSUES .................................................................................................... 1

III. DISCUSSION ..................................................................................................................... 2

    A. RES JUDICATA BARS PLAINTIFF'S "NEW" NUISANCE CLAIM ........................ 2

        1. Res Judicata Bars Both the Re-Litigation of Matters Already Raised, and the Litigation of Matters That Might Have Been Raised Prior ................................... 2

        2. The Claim Fails Because the New Notice Is Fatally Defective ............................ 3

    B. THE ENTIRE NUISANCE CLAIM IS BARRED BECAUSE, AS A WHOLE, IT IS SUBSTANTIALLY SIMILAR TO THE PRIOR NUISANCE CLAIM AND THE THREE NEW ALLEGATIONS ARE INCURABLY TAINTED BY THE OTHER SEVEN THAT ARE BARRED ................................................................................... 5

IV. CONCLUSION ................................................................................................................... 6

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

SF #665682 v1

-i-

DEFENDANT SAMUEL SMITH'S NOTICE OF MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (C01-5441BZ-MJJ)

# TABLE OF AUTHORITIES

## CASES

*Crowley v. Modern Faucet Mfg. Co.*,
   44 Cal.2d 321 (1955)...................................................................................... 2, 5

*Delta Imports, Inc. v. Municipal Court*,
   146 Cal.App.3d 1033 (1983)............................................................................... 6

*Durning v. First Boston Corp.*,
   815 F.2d 1265 (9th Cir. 1987)............................................................................. 2

*Freeze v. Salot*,
   122 Cal. App.2d 561 (1954)................................................................................ 3

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
   896 F.2d 1542 (9th Cir. 1989)............................................................................. 2

*Jama Constr. v. City of Los Angeles*,
   938 F.2d 1045 (9th Cir. 1991)............................................................................. 5

*Panos v. Great Western Packing Co.*,
   21 Cal.2d 636 (1943)....................................................................................... 2, 3

*Pauleman v. Tobin*,
   30 F.3d 307 (2d Cir. 1994).................................................................................. 2

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir. 1984)............................................................................... 2

*Siedell v. Anglo-California Trust Co.*,
   55 Cal. App.2d 913 (1942).................................................................................. 3

## FEDERAL STATUTES AND REGULATIONS

F.R.C.P. 12(b)(6)................................................................................................... 1, 2

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

SF #665682 v1     -ii-

DEFENDANT SAMUEL SMITH'S NOTICE OF MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (C01-5441BZ-MJJ)

# NOTICE OF MOTION TO DISMISS UNDER 12(b)(6)

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 30, 2002, at 9:30 a.m. or as soon thereafter as the matter may be heard in the above entitled court, the Honorable Martin J. Jenkins presiding, courtroom 11 located in San Francisco at 450 Golden Gate Avenue, Defendant Samuel Smith will move the Court to dismiss Plaintiff's nuisance claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion will be made on the grounds that Plaintiff's nuisance claim for relief fails to plead facts sufficient to state a claim for relief in that it is barred as a matter of law by the doctrine of res judicata.

This motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the oral argument of counsel, and the pleadings and papers filed in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  SUMMARY OF MOTION

Landlord's current nuisance claim for relief should be dismissed with prejudice because it is barred by the doctrine of res judicata. Landlord stipulated to the fact that the "new" notice ["exhibit 1"] is "substantially based" on allegations listed in the prior notice ["exhibit 2"]. Further, the three allegations not predating the December-17 notice are similarly defective: one of them fails to meet the requirements set forth in the Court's April 24, 2002, Order. The remaining two "new" allegations cannot be severed from those that are barred. Accordingly, the entire complaint is irreparably tainted and should be dismissed with prejudice.

### II.  SUMMARY OF ISSUES

A.  Does the doctrine of res judicata bar all Landlord's nuisance allegations that might have been raised in the prior eviction notice?

B.  Is the entire current nuisance claim substantially similar to the prior nuisance claim; thereby, rendering the entire claim barred by res judicata?

C.  Does the inclusion of seven barred allegations in the current eviction notice taint the remaining three new allegations?

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

SF #665682 v1                    -1-

DEFENDANT SAMUEL SMITH'S NOTICE OF MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (C01-5441BZ-MJJ)

III.   **DISCUSSION**

A claim for relief may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure where it appears that no set of facts can support landlord's claim for relief. (*Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987).) A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. (*Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984).) And for purposes of a 12(b)(6) motion, documents attached or incorporated into the complaint are considered part of the complaint. (*Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1989); *Pauleman v. Tobin,* 30 F.3d 307, 308-09 (2d Cir. 1994) ["exhibit 3"], all out-of-circuit and out-of-state authority are attached hereto by numbered exhibits.)

A.   **RES JUDICATA BARS PLAINTIFF'S "NEW" NUISANCE CLAIM**

1.   Res Judicata Bars Both the Re-Litigation of Matters Already Raised, and the Litigation of Matters That Might Have Been Raised Prior

On April 24, 2002, this Court dismissed with prejudice Landlord's claim for nuisance. Nonetheless, Landlord filed a second complaint for nuisance on May 13, 2002. Under the doctrine of res judicata, a subsequent action is barred where "the facts alleged in the [second] action are ***substantially the same*** as those adjudicated in the first action." (*Crowley v. Modern Faucet Mfg. Co.,* 44 Cal.2d 321, 323 (1955) (emphasis added).) In the present action, Landlord's counsel stipulated that ***"[t]he subsequent case is substantially based upon allegations at issue in the cause of action for nuisance that was dismissed with prejudice in the original case.***" (Stipulation to Consolidate Substantially Related Cases May 30, 2002 ¶2, "Stipulation " ["exhibit 4"].) Indeed, the Court observed in its April 24 Order that the "Plaintiff is unable to cure the deficiency since it occurred in the notice." (April 24, 2002 Order, No. C 01-5441 MJJ "Order" 8:12-14.)

Further, as the Supreme Court of California has long held, res judicata bars "not only every matter which was, but also every matter which ***might*** have been urged in support of the cause of action or claim in litigation."" (*Panos v. Great Western Packing Co.*, 21 Cal.2d 636, 638 (1943) (emphasis added).) This rule applies with equal force where the prior action is one for ***unlawful***

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

SF #665682 v1

-2-

DEFENDANT SAMUEL SMITH'S NOTICE OF MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (C01-5441BZ-MJJ)

*detainer*. (*E.g.*, *Seidell v. Anglo-California Trust Co.*, 55 Cal. App.2d 913, 918 (1942) [Res judicata is "conclusive of the rights of the parties … on all material issues which were tried and determined and upon all issues which might have been properly tendered therein…."].) Moreover, Landlord could not avoid the res judicata bar even if deprived of the opportunity to litigate the issue in a prior action due to the trial court ruling that Landlord improperly plead the allegations in the former complaint. (*Panos*, *supra* 21 Cal.2d at 638-40; *Freeze v. Salot*, 122 Cal. App.2d 561, 566-67 (1954) [prior unlawful detainer action was res judicata, and therefore barred, later action, despite fact that party failed to plead matter in prior unlawful detainer action].) Accordingly, Landlord's transparent effort to bring a "new" claim for relief "substantially based" on the allegations of its prior claim must fail as a matter of law.

2. <u>The Claim Fails Because the New Notice Is Fatally Defective</u>

Landlord's second notice cures some of the deficiencies of the prior notice. (*i.e.* by including dates and times)  But, the "new" notice contains substantially the same allegations as the first notice; therefore, Landlord's "new" claim for nuisance is barred by res judicata.

| Alleged "New" Allegations | Prior Allegations | Legal Deficiencies |
|---|---|---|
| 1. On October 3, 2001 at approximately 7:00 p.m. you threatened another tenant, Mark Kurfirst, in the stairway of the building containing your rental unit with physical violence, both verbally and through physical motions. | You have threatened another tenant in the stairway of the building containing your rental unit with physical violence both verbally and through physical motions. | Res Judicata: incident specifically raised in prior notice. |
| 2. On December 12, 2000, you exerted physical violence upon another tenant, Henry Inocencio, by pushing him against a kitchen table and then proceeded to further threaten said tenant with bodily harm in the food line. | You have exerted physical violence upon another tenant by pushing him against a kitchen table and then proceeded to further threaten said tenant with bodily harm. | Res Judicata: incident specifically raised in prior notice. |
| 3. On September 4, 2001, during an argument, you threatened a tenant, Ron Townsend with a kitchen knife. | During an argument, you threatened a tenant with a kitchen knife. | Res Judicata: incident specifically raised in prior notice. |
| 4. You habitually offend employees of landlord (Swords to Plowshares) by engaging in obscene and offensive hand gestures (flipping them off) through the security cameras in the building.  Two particular incidents of this occurred on September 30, 2001 around 5:00 p.m. | You habitually offend employees of landlord (Swords to Plowshares) by engaging in obscene and offensive hand gestures (flipping them off) through the security cameras in the building. | Res Judicata: incident specifically raised in prior notice. |
| 5. On August 5, 2001, you created apprehension of imminent physical violence towards a tenant, Mark Kurfirst, by threatening the tenant with | You created apprehension of imminent physical violence toward a tenant through the wielding of a hammer. | Res Judicata: incident specifically raised in prior notice. |

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

SF #665682 v1                                  -3-
DEFENDANT SAMUEL SMITH'S NOTICE OF MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (C01-5441BZ-MJJ)

| | | | |
|---|---|---|---|
| 1, 2 | a hammer and asking him if he "had a problem". This occurred over a dispute over a shared bathroom. | | |
| 3–8 | 6. You do not keep your unit in a clean and sanitary condition. This behavior was first recorded on March 6, 2001. This encouraged the proliferation of vermin in the form of an ant infestation. This creates a health hazard for yourself and other tenants. Furthermore, this condition is based in part upon your violation of house rules prohibiting the transport of food and drink from the dining room to your individual unit. | You do not keep your unit in a clean and sanitary condition. This encouraged the proliferation of vermin in the form of an ant infestation. This creates a health hazard for yourself and other tenants. Furthermore, this condition is based in part upon your violation of house rules prohibiting the transport of food and drink from the dining room to your individual unit. | Res Judicata: incident specifically raised in prior notice. |
| 9–12 | 7. On October 12, 2001 you threatened another tenant, Terry Mitchel, with threats of physical violence while walking behind him in an area nearby the outside of the property. | | Res Judicata: might have been raised in the first complaint, because incident occurred prior to service of the December 17, 2001 nuisance eviction notice. |
| 13–18 | 8. On February 1, 2002, you vandalized a smoke detector in your unit by pulling the hardwired smoke detector off the ceiling. You would then not allow staff of the facility access to check the smoke detector system until after law enforcement agents arrived. This action led to a situation in which two entire building [sic] were without a smoke detection system until the damage you caused was repaired. | | Tainted by inclusion with barred allegations |
| 19–23 | 9. On March 23, 2002, at approximately 2:17 p.m. you were playing loud music (which could be heard from a nearby building), which caused some tenants to call management. Moments later when manager Joey Shaoyi Zhu knocked on your door, you told him "learn to fucking deal with it!" Later you then questioned another resident inquiring if he had called security to complain. | | Failure to Identify Accusers: Tainted by inclusion with barred allegations |
| 24–27 | 10. On March 24, 2002, in a dispute over a shared bathroom with neighbor Mark Kurfirst, you knocked on his door and screamed so loud that you created a feeling in the neighbor that he was not safe. Your behavior was characterized as an "angry rage." | | Tainted by inclusion with barred allegations |
| 28 | | | |

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

SF #665682 v1

-4-

DEFENDANT SAMUEL SMITH'S NOTICE OF MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (C01-5441BZ-MJJ)

1   The first six allegations are simply more detailed versions of incidents that were actually
2   alleged in the first nuisance eviction notice; therefore, those allegations are barred as a matter of law.
3   The seventh allegation occurred prior to service of the first December 17, 2001 nuisance eviction
4   notice; therefore, it is also barred as matter of law, because it might have raised in support of the first
5   claim for eviction. (*See Jama Constr. v. City of Los Angeles*, 938 F.2d 1045, 1047 (9th Cir. 1991)
6   [holding that the doctrine of res judicata barred plaintiff's due process claim because plaintiff failed
7   to raise claim in earlier action].) The ninth allegation is defective because it is purportedly based on
8   complaints from "some" neighbors. As the Court observed in its prior order, this claim is legally
9   defective because it fails to identify Mr. Smith's accusers. (Order 8:8-12.) Finally, the alleged
10  February 1, 2001 and March 24, 2002 incidents are fatally tainted by the barred allegations and thus
11  are ineffective as a matter of law.

**B.     THE ENTIRE NUISANCE CLAIM IS BARRED BECAUSE, AS A WHOLE, IT IS SUBSTANTIALLY SIMILAR TO THE PRIOR NUISANCE CLAIM AND THE THREE NEW ALLEGATIONS ARE INCURABLY TAINTED BY THE OTHER SEVEN THAT ARE BARRED**

15  While the March 29, 2002 notice makes three allegations not mentioned in the December 17,
16  2001 notice, Landlord's entire claim is still barred by res judicata because the current claim is
17  substantially based on the earlier allegations. As noted above, under res judicata, a subsequent action
18  is barred where "the facts alleged in the [second] action are ***substantially the same*** as those
19  adjudicated in the first action." (*Crowley v. Modern Faucet Mfg. Co.,* 44 Cal.2d 321, 323 (1955)
20  (emphasis added).) And here, Landlord's counsel stipulated that its current nuisance claim ***"is
21  substantially based upon allegations at issue in the cause of action for nuisance that was dismissed
22  with prejudice in the original case.***" (Stipulation ¶2.) Indeed, six of the ten allegations here were
23  actually raised in the prior claim, and seven of the ten might have been raised there; therefore, the
24  current nuisance claim is "substantially based upon allegations at issue" in the prior claim for relief.

25  Moreover, as a matter of due process, the "new" allegations cannot be divorced from the
26  repeated claims. As this Court noted in its earlier Order, a primary purpose of an eviction notice is to
27  present the tenant with sufficient information to enable tenant to make a knowing and intelligent
28  decision whether to stay or quit. (Order 8 n.4.) Without such proper notice, "the tenant cannot know

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

SF #665682 v1                                              -5-
DEFENDANT SAMUEL SMITH'S NOTICE OF MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (C01-5441BZ-MJJ)

1  whether to comply with the notice to quit or remain in possession and contest the landlord's
2  allegations." (*Delta Imports, Inc., v. Municipal Court*, 146 Cal.App.3d 1033, 1036 (1983).) The
3  notice requirement was enacted for laymen, not lawyers. A tenant must base his decision on the
4  allegations before him and cannot be expected to dissect legally sound allegations from those that are
5  barred by res judicata. Accordingly, the inclusion of so many barred claims irreparably taints
6  Landlord's "new" eviction notice, by inhibiting Mr. Smith's ability to make a knowing and
7  intelligent decision based on the notice.

## IV. CONCLUSION

The Landlord's unlawful-detainer action for nuisance should be — once again — dismissed with prejudice. Counsel for Landlord stipulates that the "new" nuisance notice is "substantially based" on allegations previously litigated and dismissed by this Court. Furthermore, of the allegations not listed in the prior notice, one predates the prior notice and is therefore barred. Indeed, the entire "new" nuisance claim is barred because, as whole, the claim is substantially similar to the prior one. Moreover, the "incidents" that occurred after service of the first nuisance eviction notice are incurably tainted by their inclusion with so many barred allegations. Accordingly, Landlord's "new" nuisance claim for relief fails as a matter of law, and should be dismissed with prejudice.

Dated: June 19, 2002

                                THELEN REID & PRIEST LLP
                                  WYNNE S. CARVILL
                                  PATRICK M. RYAN
                                  CHAD DEVEAUX

By    /s/ Patrick M. Ryan
        PATRICK M. RYAN
        Attorneys for Defendant
        SAMUEL G. SMITH

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

SF #665682 v1      -6-
DEFENDANT SAMUEL SMITH'S NOTICE OF MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (C01-5441BZ-MJJ)